CLEMENT, State Excise Com'r, v. BEERS et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. INTOXICATING LIQUORS—ACTIONS FOR PENALTIES—QUESTION FOR JURY—ILLEGAL SALE.

In an action on a liquor tax bond to recover the penalty of the bond for selling liquor at various times, especially on January 21 and 28, 1906, in a hotel on Sunday without serving meals therewith, in violation of the liquor tax law, whether liquor was sold on those days in violation of the law *held*, under the evidence, for the jury.

2. SAME—EVIDENCE—ADMISSIBILITY.

In an action on a liquor tax bond to recover the penalty for selling liquor in a hotel without serving meals therewith, in violation of the liquor tax law, the cause not having been tried for more than two years after the alleged violation, testimony by the certificate holder that he was about the premises on or about those days watching the waiters, and on no occasion were drinks sold without meals, and that there was no waiter with the number "9" at that time, as stated by witnesses for plaintiff, and testimony by the waiters that they did not serve any guests with liquor without meals, was admissible; it being impossible by reason of the delay in bringing the action for defendant to adduce more definite evidence.

3. SAME—GROUNDS OF ACTION—EVIDENCE—DIRECTION OF VERDICT.

In an action on a liquor tax bond to recover the penalty for selling liquor in a hotel without serving meals therewith, in violation of the liquor tax law, where police officers testified that they entered defendant's restaurant and ordered and paid for beer without food being ordered or served therewith and immediately thereafter arrested the waiter for unlawfully selling liquor, and the attention of defendant was called to the charge and the arrest, the testimony being uncontroverted by competent evidence, a verdict should have been directed for plaintiff.

4. SAME—EVIDENCE—ADMISSIBILITY—RELEVANCY.

In an action on a liquor tax bond to recover the penalty for selling liquor in a hotel without serving meals therewith, in violation of the liquor tax law, officers having testified that they ordered and were served with beer without food being served therewith, testimony of the waiter that after his arrest by the officers, but before they took him from the premises and in their presence, he stated that he had served them with beer and a sandwich, and he did not know for what they arrested him, was inadmissible, as it was not evidence either that the officers ordered or were served with a sandwich, and it being the only evidence for defendant, was prejudicial and reversible error.

5. EVIDENCE—COMPETENCY—RES GESTÆ—STATEMENTS CONNECTED WITH TRANSACTION—AFTER EVENT.

The declarations of the waiter after his arrest were also incompetent.

Ingraham and Houghton, JJ., dissenting.

Appeal from Trial Term.

Action by Maynard N. Clement, as state commissioner of excise in the state of New York, against James B. Beers and the American Surety Company. From a judgment in favor of defendants and an order denying a motion for a new trial, plaintiff appeals. Judgment reversed, and new trial granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Herbert H. Kellogg (Albert O. Briggs, on the brief), for appellant. C. E. Hunter (L. A. Waldo, on the brief), for respondents.

LAUGHLIN, J. The action is brought to recover the penalty of a liquor tax bond given by the respondent Beers, to whom the liquor tax certificate was issued with respondent company as surety. The liability is predicated upon a violation of one of the conditions of the bond, which is to the effect that in the event that the principal therein should receive a liquor tax certificate he would not violate any of the provisions of the liquor tax law or any act amendatory thereof or supplementary thereto. The certificate was issued for the excise year commencing on the 1st day of May, 1905. The defendant Beers complied with the provisions of the law with reference to hotels, and he received a liquor tax certificate authorizing him to traffic in liquors as proprietor of an hotel.

The precise charge is that liquors were sold on the premises for which the liquor tax certificate was issued on every Sunday from the 1st day of May, 1905, to the commencement of the action, which was on the 21st day of April, 1906, and particularly on the 21st and 25th days of January, 1906, without serving meals in violation of the liquor tax law (Laws 1896, p. 45, c. 112).

The plaintiff called three special agents of the excise department who testified that on Sunday, the 21st day of January, 1906, they entered the premises for which the liquor tax certificate was issued and ordered and were served with and paid for a glass of whisky each, which they drank on the premises at a time when and place where liquors were permitted to be sold with meals, without ordering anything to eat, and one or more of them testified that he saw many other people served with drinks and did not see food served on the premises, and three other special agents who testified to a similar violation on the same premises on Sunday the 28th day of January. I am of opinion that an issue of fact was presented for the consideration of the jury with respect to these two alleged violations of the liquor tax law, and that in this regard the case was properly submitted to the jury, and that their verdict should not be disturbed. The issues were not tried until the 7th day of October, 1907, nearly two years after these particular alleged violations, and more than two years after another alleged violation, which will be discussed presently. Neither the holder of the liquor tax certificate nor his son, who was his manager, nor any of his waiters, remembered seeing the special agents on the premises on either date, but, of course, they were unable to deny that the special agents were there. With respect to the first date, the special agents testified that the waiter who served them wore a badge with the number "8." On that day a waiter was employed on the premises who wore such a badge, and he was permitted to testify, over the objection and exception of counsel for the plaintiff, that while he did not remember serving the special agents, that he did not serve any guests who did not first order something to eat. The holder of the liquor tax certificate and his manager testified that they were about the premises at the times in question watching the waiters in the performance of their duties, and that they on no occasion saw drinks served without meals. Their evidence indicates that they were in a position to know whether or not the law was violated. With respect to the alleged violation on the 28th day of January, the special agents testified that the waiter who served them wore a badge with the number "9." In behalf of the defendants evidence was given tending to show that on that occasion no waiter wore a badge with No. 9, and evidence of the same general nature as that given with respect to the preceding Sunday was given by the holder of the liquor tax certificate and his manager tending to show that the law was not violated, and in addition, according to their evidence, each waiter who was in their employ on that occasion was called as a witness and gave evidence of the same general nature tending to show that the law was not violated. I am of opinion that in the circumstances this general evidence that on the occasions in question no liquor was sold without meals was competent. Inasmuch as the trial was so long delayed, it was manifestly impossible for the defendants to meet the evidence adduced in behalf of the plaintiff in any other way.

Evidence, however, was given in behalf of the plaintiff by two police officers with respect to a prior violation. They testified that on Sunday, the 16th day of July, 1905, they entered the premises by direction of a superior officer for the purpose of discovering whether or not liquors were being sold in violation of the liquor tax law, and that they or-

dered, were served with, and paid for, a glass of beer each in the summer garden adjoining the restaurant, where the holder of the liquor tax certificate was accustomed to serve refreshments during warm weather, and that they did not order anything to eat, nor was any food brought to them. Immediately after this alleged violation of the law they placed the waiter under arrest and took him to the station house. I am of opinion that the testimony of the officers was not sufficiently contradicted to present a question of fact with respect to this violation. The waiter was not called as a witness. It is to be borne in mind that on this occasion the attention of the holder of the liquor tax certificate and of his son and his employés was drawn to the alleged violation at the time. No one testifies that the officers ordered anything to eat or that even a sandwich was served to them. According to the testimony of the officers, they sat at a bare table. Even their evidence in this regard stands uncontroverted. If it were not true, the holder of the liquor tax certificate, who was summoned the instant the arrest was made, and might have observed the table, although he says he did not go in the vicinity of the table or make any observation, and his other employés, could have denied it if it were not true. The evidence upon which the learned counsel for the defendants maintains that the question as to whether or not the liquor tax law was violated on this occasion became one of fact for the consideration of the jury is the testimony of the manager, who was in the restaurant adjacent to the summer garden, and testified that every waiter was required to and did pay the cashier for liquors and food ordered before receiving or serving the same, and that, while he did not see the police officers prior to the arrest, or see the waiter deliver either drinks or sandwiches to them, he did see the waiter shortly before his arrest pay the cashier 20 cents and receive two glasses of beer and a sandwich. In behalf of the defendants evidence was also given, over objection and exception duly taken by counsel for the plaintiff, on the ground that the evidence was incompetent, tending to show that after the officers placed the waiter under arrest, but before they took him from the premises, the waiter stated in the presence of the officers that he did not know what he was arrested for, and said:

"I served these men here with two glasses of beer, and served them with a sandwich and charged them for it, and they locked me up."

These declarations are not evidence of the fact either that the officers ordered or that they were served with a sandwich. The testimony of the officers, therefore, stands without substantial contradiction, and should have been accepted as true. Moreover, the declarations of the waiter after his arrest were incompetent, and the court erred in receiving them. It cannot be said that the evidence was not prejudicial, since it appears that it was the only direct evidence tending to show, if true, that food was served with the drinks. Not only, therefore, is the verdict against the weight of the evidence with respect to this violation, but a verdict should have been directed in favor of the plaintiff.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

SCOTT, J. I concur with Mr. Justice LAUGHLIN that the judgment must be reversed; but I go further than he does, and consider that upon the proofs a verdict should have been directed for the plaintiff. The general prohibition of the liquor tax law is against the sale of liquor on Sunday. Laws 1896, p. 73, c. 112, § 31, cl. "a." The exception is that a holder of a liquor tax certificate who is the keeper of a hotel may sell liquor to his guests with their meals or in their rooms, and a guest (other than one who in good faith occupies a room as a temporary home) is defined as:

"A person who, during the hours when meals are regularly served therein, resorts to the hotel for the purpose of obtaining, and actually orders and obtains at such time in good faith, a meal therein." Clause "j."

It is the intent and desire of the guest to procure a meal that is the test of the exception, and to justify the sale of liquor on Sunday under this clause it is essential that the guest should evince, at least apparently, a desire to partake of a meal. The act of a landlord in thrusting before a person who has ordered only a drink an unwanted, unordered, unpaid for, and uneaten sandwich does not meet the plain requirements of the statute.

CLARKE, J., concurs.

INGRAHAM, J. (dissenting). I think that upon the evidence there was a question of fact as to whether or not the liquor tax law was violated. Two officers testified that they purchased beer on Sunday without asking for any food, and that no food was furnished to them. The defendant testified that immediately after the waiter was arrested, in the presence of the officers, he said that he had complied with the law and had furnished sandwiches with the beer, and it does not appear that either of the officers denied that statement at the time. The alleged violation of law, the arrest, and the declaration of the waiter appearing to have been contemporaneous, I think it may be said that this was part of the res gestæ, and thus competent evidence as characterizing what it was claimed was a violation of law. The officers were in such a position, having arrested a man for the commission of a misdemeanor in their presence, that they were called upon to make some justification for the arrest; and the fact that they then made no claim that the statement of the waiter was incorrect and did not justify the arrest upon the ground that they had purchased intoxicating liquor when no meal was asked for or furnished raised a question of fact for the jury as to the weight that should be given to their evidence. I think the absence of the waiter was accounted for, and that this presented a question for the jury to determine whether they would believe the testimony of the officers in view of the fact that the waiter who was alleged to have served them claimed to have furnished them with food at the time, and no claim made on their behalf that his statement was not true. I think there should be a distinction between places of this character where food was supplied to the guests of the establishment and a place where the furnishing of the food is nothing but a subterfuge to evade a violation of the statute. Considering all the evidence, I think there was a question for the jury in relation to the

charge of selling to the police officers as well as the charge of selling to the agents of the state department of excise, and the jury having found a verdict for the defendant I do not think it should be disturbed.

HOUGHTON, J., concurs.