fendant's counsel in his brief correctly states the rule as follows: "The complainant in the bill to remove a cloud is not bound to show a perfect title from the government, nor as against all the world; but he must show title in himself superior to the alleged cloud." To the same effect is Craft v. Merrill, 14 N. Y. 456, cited in Casler v. Shipman, 35 N. Y. 540. The plaintiffs are superior in the fact of possession and exercise of acts of ownership. It follows that the plaintiffs should have judgment with costs. The plaintiffs' attorneys may prepare and submit findings in accordance with this memorandum. Judgment for plaintiffs.

---

CLARK, Respondent, v. NEW YORK CITY RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by Owen Clark against the New York City Railway Company. J. L. Quackenbush, for appellant. G. W. Schurman, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

---

In re CLEMENT, State Excise Com'r. In re ENDERS. (Supreme Court, Appellate Division, First Department. November 19, 1909.) Appeal from Special Term, New York County. In the matter of the petition of Maynard N. Clement, as State Commissioner of Excise, to revoke liquor tax certificate No. 4,478, issued to John Enders. From an order denying the petition, petitioner appeals. Affirmed, as modified. H. H. Kellogg, for appellant. J. F. Harrington, for respondent.

PER CURIAM. The order appealed from should be modified, by striking therefrom the provision to the effect that the motion for revocation of the liquor tax certificate, on the ground that the holder thereof has suffered and permitted the premises to be and remain disorderly as alleged in the petition, be denied, and by inserting in lieu thereof a provision to the effect that the application of the petitioner is granted, as well upon the ground that the holder of the liquor tax certificate has suffered and permitted the premises to become and remain disorderly as alleged in the petition, as upon the ground that he permitted illegal sales of liquor therein. As so modified, the order should be affirmed, with $10 costs and disbursements to the appellant.

---

CLEMENT, State Excise Com'r, Respondent, v. BEERS et al., Appellants. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by Maynard N. Clement, as State Commissioner of Excise, against James B. Beers and another. C. E. Hunter, for appellants. H. H. Kellogg, for respondent.

PER CURIAM. Judgment affirmed, with costs. Order filed.

INGRAHAM and LAUGHLIN, JJ., dissent. See, also, 126 App. Div. 1, 110 N. Y. Supp. 99.

---

CLEMENT, State Excise Com'r, Respondent, v. WALL et al., Appellants. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by Maynard N. Clement, as State Commissioner of Excise, against James Wall and others. M. Sulzberger, for appellants. A. O. Briggs, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

CLOUGH, Respondent, v. LACKAWANNA STEEL CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 1, 1909.) Action by Edwin Clough against the Lackawanna Steel Company.

PER CURIAM. Judgment and order affirmed, with costs.

McLENNAN, P. J., dissents, upon the ground that the plank did not constitute a scaffold within the meaning of the labor law, that no negligence was established against the defendant, and that the plaintiff, as matter of law, assumed the risk.

ROBSON, J., dissents, upon the ground that the plank did not constitute a scaffold within the meaning of the labor law, that no negligence was established against the defendant, and that the finding of the jury upon the question of assumption of risk by plaintiff was contrary to and against the weight of the evidence.

---

COBB v. UNITED ENGINEERING CO. (Supreme Court, Appellate Division, First Department. November 5, 1909.) Action by Elliott Cobb against the United Engineering Company. No opinion. Motion denied. Settle order on notice.

---

COHEN, Respondent, v. MANUFACTURERS' RED BOOK PUB. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. November 19, 1909.) Action by Joseph Cohen against the Manufacturers' Red Book Publishing Company and others. No opinion. Judgment and order affirmed, with costs.

---

COHEN et al. v. WILLIAMSBURGH SAVINGS BANK et al. (Supreme Court, Appellate Division, First Department. December 24, 1909.) Appeal from Special Term, New York County. Action by Louis S. Cohen and another against the Williamsburgh Savings Bank and Carlo Rossa. From a judgment for plaintiff against the last-named defendant, and dismissing the complaint as to the other defendant, defendant last named appeals. Affirmed, as modified. F. S. Chilton, for appellant. M. B. Rich, for respondents.

PER CURIAM. The judgment appealed from should be modified, by striking out the provision that the plaintiffs "have judgment against the defendant Carlo Rossa for the sum of $614.67, now held by the defendant, the Williamsburgh Savings Bank, with $38.78 costs, making a total of $698.45," and by striking out the further clause in the judgment, "that the defendant the Williamsburgh Savings Bank have judgment against the plaintiffs, dismissing the com-